**In re: NEBUAD DEVICE PRIVACY LITIGATION**

**Samuel Green v. Cable One, Inc., N.D. Alabama, C.A. No. 1:10–259**

**Andrew Paul Manard v. Knology, Inc., M.D. Georgia, C.A. No. 4:10–15.**

**MDL No. 2168**

United States Judicial Panel on Multidistrict Litigation.

June 8, 2010.

Before ROBERT L. MILLER, Jr., Acting Chairman, JOHN G. HEYBURN II, Chairman *, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, Jr., FRANK C. DAMRELL, Jr. and BARBARA S. JONES, Judges of the Panel.

---

* Judge Heyburn took no part in the decision of this matter.

## ORDER DENYING TRANSFER

ROBERT L. MILLER, Jr., Acting Chairman.

**Before the entire Panel:** Cable One, Inc., the defendant in the Northern District of Alabama action, moves, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Middle District of Georgia. The defendant's motion encompasses two actions pending, respectively, in the Northern District of Alabama and the Middle District of Georgia.

Plaintiffs in both actions oppose the motion. Knology Inc., the defendant in the Middle District of Georgia action, did not respond to the motion.

On the basis of the papers filed and hearing session held, we are not persuaded that Section 1407 centralization is necessary for the convenience of the parties and witnesses or to promote the just and efficient conduct of the litigation. The present litigation includes just two actions, each of which is brought against a different internet service provider defendant, and the putative classes sought in the actions do not overlap. Given these circumstances, counsel in both actions can avail themselves of alternatives to transfer under Section 1407 to avoid duplicative pretrial proceedings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004). Also, plaintiffs in these two actions share counsel with each other and with plaintiffs in four similar actions brought against different internet service providers, which are not encompassed by the Section 1407 motion. This should further facilitate cooperation among the parties.

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. § 1407, is denied.